# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JENISE A. BONNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10CV479 |
| ) | |
| DOLLAR GENERAL CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants' Motion for a More Definite Statement (Docket Entry 7). (See Docket Entry dated Jan. 13, 2011.) For the reasons that follow, the Court will grant said Motion.[1]

### BACKGROUND

Plaintiff (who lists for herself an address in North Carolina) filed a pro se form Complaint against Defendants, identified as Dollar General Corporation and Gordon Barham (each with an address in Tennessee) and "Megan Smith - Manager #09614" and "Candy - Cashier #09614" (each with an address in North Carolina). (Docket Entry 2 at 1-2 (emphasis in original).) In the section entitled "JURISDICTION," the Complaint gives a basis for venue in this Court and asserts that "the defendants are subject to personal jurisdiction" in this Court, but does not address the Court's subject matter jurisdiction. (Id. at 1.)

---

[1] The undersigned United States Magistrate Judge will issue an Order because motions of this sort do not appear in the list of pretrial matters which require submission of a recommendation. See 28 U.S.C. § 636(b)(1)(A) and (B). See also Lynch v. McDonough, No. 03-CV-556A(F), 2005 WL 1561454, at *1 n.1 (W.D.N.Y. July 1, 2005) (unpublished) (ruling that "request for a more definite statement pursuant to Fed. R. Civ. P. 12(e) is nondispositive").

In addition, in its "STATEMENT OF CLAIM" section, the Complaint states as follows: "To explain Jurisdiction – It's on the Civil Cover Sheet #320 Assault, <u>Slander</u>, <u>libel</u>. [Defendant] Smith falsely accused me, unlawfully called police and gave a false report and embarrassed me in front of other patrons. It is federally prohibited to violate my civil rights. But it was done." (<u>Id.</u> at 3 (emphasis in original).) On the Civil Cover Sheet to which the Complaint refers, Plaintiff checked the box for "Federal Question (U.S. Government Not a Party)" in the section entitled "BASIS OF JURISDICTION" and the box for "Assault, Libel & Slander" under the heading "NATURE OF SUIT." (Docket Entry 3 at 1.)

The "STATEMENT OF CLAIM" section of the Complaint also contains the following allegations of relevance:

1) Defendants Smith and Candy (employees of Defendant Dollar General at a store in Greensboro, North Carolina) accused Plaintiff of shoplifting (Docket Entry 2 at 2);

2) Plaintiff "animately [sic] denied the accusations" (<u>id.</u>);

3) Plaintiff and Defendants Smith and Candy all "called authorities" (<u>id.</u>);

4) a Greensboro police officer responded, but Defendants Smith and Candy failed to produce a "DVD" of the alleged theft (<u>id.</u> at 2-3); and

5) Defendant Smith told Plaintiff she could resume shopping in the store "in a few days after this blows over" (<u>id.</u> at 3).

On December 10, 2010, in lieu of answering, Defendants filed the instant Motion, in which they argued as follows:

2

> The sole basis for federal jurisdiction in this case is Plaintiff's allegation that her "civil rights" were violated. It is unclear to Defendants what "civil rights" they are alleged to have violated. Further, it is unclear to Defendants what the statutory or common law basis is for such allegations. Thus, it is unclear to Defendants how to appropriately respond and whether this Court has subject matter jurisdiction.

(Docket Entry 7 at 1.)[2] Despite service of said Motion on her at the address she utilized in filing this action (see id. at 2), Plaintiff has failed to respond. (See Docket Entries dated Dec. 10, 2010, to present.)

## DISCUSSION

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Under this Court's Local Rules, Plaintiff's failure to respond to Defendants' instant Motion seeking a more definite statement generally warrants the granting of the relief requested. See M.D.N.C. R. 7.3(k). The Court sees no reason to depart from that general rule in this case.

"Rule 12(e), which authorizes the motion for a more definite statement, must be read in conjunction with Rule 8, which establishes the general rules for pleading. Rule 8(a) makes three elements mandatory in a complaint: (1) <u>a statement of the grounds upon which the court's jurisdiction depends</u>, (2) a short and plain statement of the claim showing that the pleader is entitled to

---

[2] Defendants failed to file a brief in support of their instant Motion in contravention of the Court's Local Rules. See M.D.N.C. R. 7.3(a) and (j). The Court expects compliance with its Local Rules in further proceedings.

3

relief, and (3) a demand for judgment." Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 822 (4th Cir. 1973) (emphasis added). The requirement that a complaint contain allegations regarding jurisdiction (including particularly subject matter jurisdiction) makes sense because: 1) "'federal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute," In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)); and 2) the party invoking the jurisdiction of the Court "has the burden of proving the existence of subject matter jurisdiction," Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).

In this case, the Complaint identifies non-diverse parties and thus only the existence of a federal question or some other specific statutory grant of authority to the federal courts can sustain this Court's exercise of subject matter jurisdiction. See 28 U.S.C. §§ 1331-1369. The claims specifically asserted by Plaintiff – assault, libel, and slander – represent state law causes of action and thus do not generally present federal questions or otherwise afford federal courts with subject matter jurisdiction. See R.H. Bouligny, Inc. v. United Steelworkers of Am., AFL-CIO, 336 F.2d 160, 165 (4th Cir. 1964) ("find[ing] no federal question" because "federal courts uniformly have held that libel and slander actions are to be governed by the substantive law of the state in which the torts allegedly occur"); Dickerson v.

City of Charleston Police Dep't, C/A No. 1:10-1625-TLW-SVH, 2010 WL 3927513 (D.S.C. Aug. 26, 2010) (unpublished) ("[C]laims such as defamation . . . and assault and battery are state-based claims that are cognizable in this Court under its supplemental jurisdiction, but only if there is diversity of citizenship among the parties or a viable federal-question claim evident against the Defendant whose potential liability is being considered.").

Further, as Defendants' instant Motion asserts, in the context of her allegations, Plaintiff's reference to their purported violation of her "civil rights" qualifies as sufficiently "vague or ambiguous that [Defendants] cannot reasonably prepare a response," Fed. R. Civ. P. 12(e). In this regard, the Court notes that Plaintiff has not alleged which of her "civil rights" Defendants infringed, a question of particular significance given that (based on the Complaint's allegations) Defendants do not appear to qualify as state actors; thus, the most common federal statutory provision utilized by plaintiffs to vindicate "civil rights," 42 U.S.C. § 1983, would lack any application in this case, see DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) ("To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." (internal citations and quotation marks omitted)).

**IT IS THEREFORE ORDERED** that, on or before March 8, 2011, Plaintiff shall file a supplement to her Complaint (as contemplated

by Federal Rule of Civil Procedure 15(d)) setting forth a more definite statement as to her contention that Defendants violated her "civil rights."  "If . . . the order is not obeyed . . . within the time the [C]ourt [has] set[], the [C]ourt may strike [the Complaint] or issue any other appropriate order."  Fed. R. Civ. P. 12(e).

>                            /s/ L. Patrick Auld
>                           **L. Patrick Auld**
>                   **United States Magistrate Judge**

February 15, 2011