IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JENISE A. BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV479 |
| | ) | |
| DOLLAR GENERAL CORPORATION, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Motion for Default Judgment (Docket Entry 13)[1] pursuant to Rule 55 of the Federal Rules of Civil Procedure and Defendants', Dollar General Corporation, Meghan Smith, Candy, and Gordon Barham (hereinafter "Defendants") Motion to Dismiss (Docket Entry 16) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated, it is recommended that Defendants' Motion to Dismiss be granted and Plaintiff's Motion for Default Judgment be denied.

---

[1] Plaintiff incorrectly labeled document as "Motion for Judgment by Default for the Demanded Relief." (*See* Docket Entry 13.) Defendants appear to have filed two responses to Plaintiff's Motion for Default Judgment. (*See* Docket Entry 19, Docket Entry 22.) Defendants' second brief in response to Plaintiff's Motion for Default Judgment also addresses Plaintiff's discovery concerns, but it does not appear that Plaintiff presented discovery requests in her motion. (*See* Defendant's Second Response Brief, Docket Entry 23 at 2; *see also* Docket Entry 14.) Therefore, discovery issues will not be considered in this recommendation.

## I. PROCEDURAL BACKGROUND

On June 23, 2010, Plaintiff, *pro se*,[2] filed a Complaint against Defendants along with an application to proceed *in forma pauperis*. (*See* Docket Entry 1, Docket Entry 2.) The Court granted Plaintiff leave to proceed *in forma pauperis* on November 3, 2010. On December 10, 2010, Defendants filed a Motion for a More Definite Statement (Docket Entry 7) and the Court granted Defendants' motion on February 15, 2011. (*See* Order, Docket Entry 12.) On March 4, 2011, Plaintiff filed a Motion for Default Judgment. (Docket Entry 13.) On March 8, 2011, Plaintiff filed a response to Defendants' Motion for a More Definite Statement. (Docket Entry 14.) Thereafter, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction. (Docket Entry 16.)

## II. FACTUAL BACKGROUND

According to the Complaint, Plaintiff alleges, in part:

> I Jenise Bonner was accused on June 7, 2010 of shoplifting . . . on May 28, 2010. Meghan Smith, the Manager of Dollar General Store #09614, and Candy the cashier were the accusers. Both persons stated that I was recorded on DVD. I animatedly denied the accusation and want to see the DVD. They refused to show it to me. We both called authorities. When the police showed up Officer C.W. Bailey of G.P.D. talked to Meghan Smith . . . [M]eghan stated in front of the officers that she is 100% sure it was me! . . . Meghan Smith falsely accused me, unlawfully called police and gave a false report and embarrassed me in front of other patrons. It is federally prohibited to violate my civil rights . . . On the Civil Cover Sheet under <u>Personal Injury</u> #320 Assault, Libel, and Slander was committed against me.

---

[2] Complaints drafted by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "Allegations in *pro se* complaints should be liberally construed." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (emphasis added).

2

(Plaintiff's Complaint, Docket Entry 2 at 2-4.) With respect to some of the allegations against them, Defendants filed a Motion for a More Definite Statement, claiming that the "sole basis for federal jurisdiction in this case is Plaintiff's allegations that her 'civil rights' were violated. It is unclear to Defendants what 'civil rights' they are alleged to have violated." (Docket Entry 7 at 1.) Upon the Court's order granting Defendants' motion, Plaintiff responded, in part:

> I Jenise Bonner [would] like to amend a statement of Dollar General violating my Civil Rights. In fact Dollar General is being sued under Personal Injury - Assault, Libel, and Slander not Civil Rights. A copy of my Civil Cover Sheet is included with this response which is under the jurisdiction of the Federal Court. Also, a copy of my statement of claim is included. On page 4 I crossed out a statement and initialed and dated the change.

(Docket Entry 14 at 1.)

### III. DISCUSSION

A. Standard of Review

District courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). One way, as Defendants assert, is to contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* "The

3

burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12.

B. Analysis

As the party asserting jurisdiction, Plaintiff failed to meet the burden proving federal court jurisdiction in this case. As Defendants assert, jurisdictional grounds fail under 28 U.S.C. § 1332 because the Complaint identifies non-diverse parties.[3] (Docket Entry 17 at 2.) Therefore, Plaintiff must assert other statutory grounds in which jurisdiction may be established; for example, federal question jurisdiction.[4] Plaintiff's complaint alleges "assault, libel, and slander" under personal injury, which are generally state law tort claims. *See Dickerson v. City of Charleston Police Dep't.*, C/A No. 1:10-1625-TLW-SVH, 2010 WL 3927513 (D.S.C. Aug. 26, 2010); *see also Harris v. Seto*, 5:12CV045, 2013 WL 276334 (W.D. Va. Jan. 24, 2013) (concluding that "the complaint makes no reference to a violation of federal law warranting the exercise of federal question jurisdiction" since Plaintiff checked "Assault, Libel & Slander" on the Complaint, and the parties were both Virginia residents); *R. H. Bouligny, Inc. v. United Steelworkers of Am., AFL-CIO*, 336 F.2d 160, 165 (4th Cir. 1964) *aff'd*, 382 U.S. 145, 153 (1965) (finding no diversity jurisdiction or federal question jurisdiction based partly on the fact that "federal courts uniformly have held that libel and slander

---

[3] According to the Complaint, Plaintiff is a resident of North Carolina and Defendants Smith and Candy are also North Carolina residents. (*See* Plaintiff's Complaint, Docket Entry 2 at 1-2.) 28 U.S.C. § 1332 grants subject matter jurisdiction when the amount in controversy exceeds 75,000 dollars and there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. In this case, there is no diversity.

[4] Federal question is governed by 28 U.S.C. § 1331. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4

actions are to be governed by the substantive law of the state in which the torts allegedly occur"). Furthermore, Plaintiff states in her response to Defendants' Motion for a More Definite Statement that Defendants are not being sued under a "Civil Rights" action. (*See* Plaintiff's Response, Docket Entry 14 at 1.) Even construing Plaintiff's allegations liberally, it is clear that Plaintiff asserts a tort action under state law. Thus, the Court does not have subject matter jurisdiction over Plaintiff's claim.[5]

## IV. CONCLUSION

Based upon the evidence presented in this case, Plaintiff fails to state jurisdictional grounds for the Court. Plaintiff adamantly states claims of personal injury, which are generally state law claims requiring diversity of citizenship to be heard in federal court. For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 16) be **GRANTED** and Plaintiff's Motion for Default Judgment (Docket Entry 13) be **DENIED**.

Durham, North Carolina
February 25, 2013

Joe L. Webster
United States Magistrate Judge

---

[5] For the same reasons, the Court declines to give full consideration to Plaintiff's Motion for Default Judgment. Rule 55 of the Federal Rules of Civil Procedure outlines a 2-step process for parties in default: (1) Entry of Default and (2) Entry of Default Judgment. *See* Fed. R. Civ. P. 55. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The non-defaulting party may seek a default judgment *after* the clerk has entered a default. *See* Fed. R. Civ. P. 55(b). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Even if Plaintiff met the burden of proving jurisdiction, the Motion for Default Judgment fails because Plaintiff did not move the Court for entry of default. Furthermore, Plaintiff's Motion for Default Judgment was filed after Defendants filed a Motion for a More Definite Statement which the Court granted. (*See* Docket Entry 12.)

5